# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00519-CV

**Kimothy Ray Flowers, Appellant**

**v.**

**Travis County Civil Court Division; Associated Judge Susan Sheppard (In Her official capacity as a Visiting Judge in the 126th District Court); District Judge John K. Dietz (In his official Capacity as a District Judge in the 126th District Court); Associated Judge James L. Arth (In his Capacity As a hearing Judge of the 126th District Court); Associated Judge I. Andrew Hathcock (In His Capacity as a hearing Judge of the 126th District Court); Warren Vavra (Court Administrator) in his Capacity Overseeing the 126th District Court Civil Division; and Nancy Pownley, employee (who under the Color of law, Identity Theft, to portray Herself as the Court Administrator and Attorney of the Civil Court Division), Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-AG-06-001635, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On August 18, 2015, appellant Kimothy Ray Flowers filed a pro se notice of appeal from a final order of the district court signed on July 18, 2014. Noting the lapse of over one year between the date of the order and Flowers's notice, this Court wrote Flowers on August 19, 2015, advising of the jurisdictional defect and requesting that by August 28, 2015 he provide this Court with either (1) proof of timely mailing of the notice of appeal, or (2) an affidavit swearing that this filing was timely mailed to the district clerk's office.

Flowers timely responded to our request, but did not provide proof of timely mailing his notice of appeal or an affidavit swearing his filing was timely mailed. He did provide proof that on August 14, 2014—within thirty days after the date the judgment was signed—he timely filed a motion for new trial with the district court.[1] Under the Texas Rules of Appellate Procedure, this served to extend his deadline to file his notice of appeal until October 16, 2014, the ninetieth day after the judgment was signed.[2] This extension fails to cure the jurisdictional defect, as Flowers did not file his notice of appeal until August 18, 2015, ten months after the extended deadline. Nor do we have any power to grant an extension at this juncture.[3] We dismiss the appeal for want of jurisdiction.[4]

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed: August 31, 2015

---

[1] *See* Tex. R. Civ. P. 329b(a) (motion for new trial must be filed within thirty days after judgment signed).

[2] *See* Tex. R. App. P. 26.1(a)(1) (where timely new-trial motion is filed, appellate deadline is ninetieth day after judgment signed).

[3] *See id.* R. 26.3 (where motion to extend time filed within 15 days after deadline for filing notice of appeal, appellate court may extend time to file notice of appeal).

[4] *See* Tex. R. App. P. 42.3(a).